PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Acura CL-S Cruiser struck a hole while he was traveling southbound on U.S. Route 250 near Fairmont, Marion County. U.S. Route 250 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for die reasons more fully stated below.
The incident giving rise to this claim occurred between 4:30 p.m. and 5:00 p.m. on March 20, 2004. U.S. Route 250 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was chiving around forty miles per hour when he noticed a hole in the road. Mr. Cook stated that there was traffic traveling in the opposite direction. He was unable to avoid the hole because of the traffic. Mr. Cook testified that the hole was one foot wide, three to four feet long, and four to five inches deep. He further stated that he was aware that U.S. Route 250 was a pretty rough road. Claimant’s vehicle struck the hole sustaining damage to two rims totaling $672.97.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 250 at the site of the claimant’s accident for the date in question.
Don Steorts, County Administrator for the respondent in Marion County, testified that he had no knowledge of any holes on U.S. Route 250 for the date in question. Mr. Steorts stated that there were no records of either complaints concerning Hie condition of the road or any maintenance done on this stretch of road prior to or after claimant’s accident. He further stated that this section of road was one where there had been problems with holes. Respondent maintains that it had no actual or constructive notice of any holes on U.S. Route 250.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on U.S. Route 250. The size of the hole leads the Court to conclude that respondent had constructive notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle. However, the Court further finds that claimant was driving at a speed that was too fast for the conditions and that claimant was aware of the conditions on the road. The Court finds that the claimant was also negligent, and thus may only recover for 60% of his damages.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this *24 claim in the amount of $403.78.
Award of $403.78.